UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| USA | § | |
| | § | |
| vs. | § | NO:  SA:17-CR-00381(1,2,3)-DAE |
| | § | |
| (1) Carlos L. Uresti | § | |
| (2) Stanley P. Bates | § | |
| (3) Gary L. Cain | § | |

## Order Concerning
## Discovery and Pretrial Motions

In the interests of justice and judicial economy, the Court enters this order governing discovery and pretrial matters.  **The Defendant is strongly encouraged to refrain from filing any pretrial motion requesting discovery materials already covered by this Order.**  Any discovery motions filed before this Order was entered are hereby DENIED, subject to being reurged to show that a specific request is not addressed by this Order, or that other unique circumstances require relief from this Order.

**1.      Defendant's option to decline certain discovery.**

If the Defendant elects to decline receipt of discovery materials to avoid the obligation of reciprocal discovery, the election must be made in writing not later than 10 days after the date of arraignment.[1]  The written election must bear the Defendant's signature evincing his approval of the decision to decline receipt of discovery materials.  Upon receipt of a written, signed election, the Government is relieved of its obligation to provide the discovery specifically declined by the Defendant.

**2.      Government's notice of certain evidence.**

Not later than 20 days after the date of arraignment, the Government must provide the Defendant notice of evidence it intends to use at trial that may be subject to a motion to suppress evidence. *See* Fed. R. Crim. P. 12(b)(4).

**3.      Government's disclosure of Rule 16 discovery.**

Not later than 20 days after the date of arraignment, the Government must provide to the Defendant, or permit the Defendant to inspect and copy or photograph, all discoverable items set forth in Federal Rule of Criminal Procedure 16(a), including, without limitation, the following:

(a)  Any relevant written or recorded statements made by the Defendant as described in Rule 16(a)(1)(B);

(b)      The substance of any relevant oral statement made by the Defendant before or after the Defendant's arrest, in response to interrogation by a person the Defendant knew to be a Government agent, that the Government intends to use at trial;

(c)  The Defendant's arrest and conviction record;

(d)   Books, papers, documents, data, photographs, tangible objects, buildings or places that are material to preparation of the defense, that the Government intends to use as evidence at trial to prove its case-in-chief, or that were taken from or belong to the Defendant;

(e)   Results or reports of any physical or mental examination, and of any scientific test or experiment, that is material to preparation of the defense or intended for use by the Government as evidence in its case-in-chief at trial; and

(f)  A written summary of any testimony that the Government intends to use under Federal Rules of Evidence 702, 703, or 705 during its case-in-chief at trial, describing the witness's opinions, the bases and reasons for them, and the witness's qualifications.

**4.      Government's disclosure of exculpatory or impeaching information.**

Not later than 20 days after the date of arraignment, the Government must disclose to the

Defendant any and all information that would tend to exculpate the Defendant or be material to

the defense, that would constitute impeachment of a Government witness, or that could mitigate

any punishment that might be imposed in this case.  See *Brady v. Maryland*, 373 U.S. 83 (1963),

and *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny.  In determining what

information to disclose under this part, the Government will be guided by the U.S. Attorney's

Manual §§ 9-5.001 and 9-5.100, *available at*

http://www.usdoj.gov/usao/eousa/foia_reading_room/usam/title9/download.htm.

Information required to be disclosed by this part includes, without limitation, the

following:

(a)  Any evidence tending to show threats, promises, payments, or inducements made by

the Government, or any Government agent, that would bear upon the credibility of any

Government witness;

(b)  Any statement of any Government witness that may be inconsistent with the

witness's expected testimony at a hearing or trial;

(c)  Any information that is inconsistent with any element of any offense charged against

the Defendant or that tends to establish a recognized affirmative defense;

(d)  Any prior conviction of any Government witness, if (1) the crime was punishable by

death or imprisonment in excess of one year, or (2) the crime involved dishonesty or false

statement, regardless of punishment;

(e) Any pending criminal charges against, or pending investigation of,  any government

witness; and

(f)  Any specific instances of conduct by any Government witness tending to show the witness's character for untruthfulness.

**5.      Defendant's disclosure of reciprocal discovery.**

Unless the Defendant has complied with part 1 of this Order, and subject to the Government's compliance with parts 2, 3, and 4, the Defendant must, not later than 30 days after the date of arraignment, provide reciprocal discovery to the Government under Federal Rule of Criminal Procedure 16(b).  Information required to be disclosed by this part includes, without limitation, the following:

(a) Books, papers, documents, data, photographs, tangible objects, buildings, or places which the Defendant intends to use in the Defendant's case-in-chief at trial;

(b)  The results or reports of any physical or mental examinations and of scientific tests or experiments made in connection with this case that the Defendant intends to introduce as evidence in the Defendant's case-in-chief at trial, or that were prepared by a defense witness who will testify concerning them; and

(c)  A written summary of any expert testimony that the Defendant intends to use as evidence at trial under Federal Rules of Evidence 702, 703, or 705, describing the witness's opinions, the bases and reasons for the opinion, and the witness' s qualifications.

**6.      Relief from discovery requirement; *in camera* examination.**

If either party elects not to disclose, or to defer disclosure of, any evidence, information, or statements that arguably falls within the scope of this Order, the party must, within the stated discovery deadline, submit such evidence, information, or statements to the Court for *in camera*

inspection and a determination whether it must be disclosed.  *See* Fed. R. Crim. P. 16(d)(1).

**7.**     **Resolution of discovery issues.**

If either the Government or the Defendant is unable to comply fully with the discovery requirements set out in parts 2, 3, 4, or 5 of this Order, the Government and the Defendant must confer and, not later than 30 days after the date of arraignment, complete and submit to the Court the Disclosure Agreement Checklist attached to this Order.  For any dispute that cannot be resolved, either party may file a written and detailed motion to compel discovery.

**8.**     **Defendant's pretrial motions.**

Not later than 40 days after the date of arraignment (consistent with Western District of Texas Rules 12 and 16(b)(1)(C), the term "date of arraignment," as used in this Order, means the date the Defendant appeared for arraignment, or if appearance at arraignment was waived, the latest scheduled arraignment date), the Defendant must raise, by pretrial motion, any defense, objection, or request that the Court can determine without a trial of the general issue.  A Defendant waives any defense, objection or request that the Defendant fails to raise within this time limit, or within any extension of said time limit the Court may set.  However, the Court may grant relief from the waiver upon a showing of good cause.  The Government's failure to comply with parts 2, 3, or 4 of this Order constitutes good cause for an extension of time to raise a defense, objection, or request that is substantially based on that information.

Matters that are covered by this part include, without limitation, the following:

(a)  Defenses and objections based on defects in the institution of the prosecution;

(b)  Defenses and objections based on defects in the indictment or information, although at any time while the case is pending, the Court may hear a claim that the indictment or

information fails to invoke the court's jurisdiction or to state an offense;

      (c)     Motions to suppress evidence;

      (d)  Requests for severance of charges or defendants under Federal Rule of Criminal

Procedure 14;

      (e)  Notices of an intention to assert a defense under Federal Rules of Criminal Procedure

12.2 or 12.3;

      (f)  Motions for the identification of a confidential informant;

      (g)  Motions concerning intercepted communications; and

      (h)  Pretrial motions to dismiss the prosecution.

**9.**     **Disclosure of Government witness's statements.**

Pursuant to Title 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2, the Government must disclose prior statements of any Government witness not later than the conclusion of the witness's direct testimony.  To avoid delays during trial, however, the Court **strongly encourages** the Government to produce such prior statements at least one working day before the witness will be called to testify on direct examination.

**10.**    **Government's notice under rules of evidence.**

The Court **strongly encourages** the Government to provide the notice required by Federal Rules of Evidence 404(b), 412, 413, and 414 as early as possible, but in any event the notice must be provided not later than 15 days before the last scheduled trial date.

**11.**    **Continuing duty to disclose.**

In accordance with Federal Rule of Criminal Procedure 16, both parties have a continuing obligation to disclose.  If, before or during trial, a party discovers additional evidence, material,

or information covered by this Order that was not previously disclosed, that party must promptly disclose it to opposing counsel, and state the reasons for having failed to make timely disclosure.

12. **Failure to comply.**

The Court **strongly encourages** early and full compliance with the provisions of this Order.  Failure to comply without good cause may result in exclusion of evidence at trial, or imposition of other appropriate sanctions under Federal Rule of Criminal Procedure 16(d)(2) and the Court's contempt power.

IT IS SO ORDERED.

DATED: San Antonio, Texas May 25, 2017.

_____
DAVID A. EZRA
SENIOR U.S. DISTRICT JUDGE

**UNITED STATES v.**    **(1) Carlos L. Uresti**
　　　　　　　　　　　　**(2) Stanley P. Bates**
　　　　　　　　　　　　**(3) Gary L. Cain**

**CRIMINAL NO.**    **SA:17-CR-00381(1,2,3)-DAE**

| PARTIES' DISCLOSURE AGREEMENT CHECKLIST | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Disclosed | | Will Disclose Upon Receipt | | Refuse to Disclose | | Not Applicable | | Comments |
| | Gov't | Def | Gov't | Def | Gov't | Def | Gov't | Def | |
| **Police/Agent Reports** | | | | | | | | | |
| **Rule 12(d)(2) material** | | | | | | | | | |
| **Intercepted communications (18 U.S.C. § 2510, consensual)** | | | | | | | | | |
| **Rule 16 material:** | | | | | | | | | |
| **Defendant statement** | | | | | | | | | |
| **Defendant record** | | | | | | | | | |
| **Documents** | | | | | | | | | |
| **Tangible Objects** | | | | | | | | | |
| **Examination/ test reports** | | | | | | | | | |
| **Experts** | | | | | | | | | |
| **FRE 404(b) material** | | | | | | | | | |
| **Immigration file** | | | | | | | | | |
| **Eyewitness ID (lineup showup, photo spread)** | | | | | | | | | |
| **Exculpatory material (*Brady*)** | | | | | | | | | |
| **Impeachment material (*Giglio, Napue,* FRE 608, 609)** | | | | | | | | | |
| **Witness List** | | | | | | | | | |
| **Witness statements (Rule 26.2, 18 U.S.C. § 3500)** | | | | | | | | | |
| **Guideline calculation material (U.S.S.G. § 6B1.2)** | | | | | | | | | |
| **Other matters:** | | | | | | | | | |

| | | | |
|---|---|---|---|
| **DEFENDANT'S ATTORNEY** | **DATE** | **ASSISTANT U.S. ATTORNEY** | **DATE** |