UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| V. | § § | CAUSE NO. SA-17-CR-381 DAE |
| STANLEY P. BATES | § § | |

**BATES' MOTION TO RECONSIDER MOTION TO SEVER**

TO THE HONORABLE DAVID A. EZRA, SENIOR UNITED STATES DISTRICT JUDGE FOR THE WESTERN DISTRICT OF TEXAS:

### Introduction

Additional discovery review since the time of counsel's Motion to Sever reveals additional grounds to sever Bates' trial from that of Co-Defendants Cain and Uresti. Recently obtained emails between Bates and his former counsel, Karl Basile, reveal unequivocal documentation that Bates never desired a joint defense. Bankruptcy trial transcripts from September 2017 show Co-Defendant Uresti's intent to conduct an antagonistic defense strategy to Bates. Similarly, Co-Defendant Cain's Court Affidavits reveal an antagonistic defense strategy to Bates. Finally, representations by all three defense counsel at the October 18 court hearing contained, at best, misleading representations and, at worst, false assertions that all three co-defendant's intended a joint, united defense.

A separate trial is necessary to ensure that Bates receives the fair trial he is entitled to under the Due Process Clause of the United States Constitution as well as to ensure his rights under the Fifth and Sixth Amendments to cross-examine witnesses, present evidence in his defense, and have effective assistance of counsel. He incorporates all legal and factual arguments submitted on

December 18, 2017, in his Motion to Sever. And, he provides the following facts and legal arguments to support this motion to reconsider.

I.

**Bates' Emails and Texts to Former Counsel Reveal Antagonistic Defenses of the Parties**

Beginning in 2016, Bates sent numerous email messages and texts to his court appointed counsel imploring him to spend time reviewing evidence, discussing legal defenses, and considering options.[1] One of those emails dates back to November 15, 2016. *See* **Defense Exhibit A**. In that email, Bates relays his serious concerns and perceived lack of commitment on the part of his then counsel. These concerns as expressed in emails continues through the summer of 2017. *See* **Exhibits B&C**, email dated July 24, 2017, and texts from May 17, 2017 through August 1, 2017. Through this series of text messages, Bates expresses repeated requests for meetings to discuss the evidence. *See* Exhibit C. On August 1, 2017, Bates explicitly tells his then counsel he does not want to be part of a meeting with Uresti and Cain, and blames them for "screwing me over and destroying my company and life," and he insists that he does "not want anything to do with Cain or Uresti." *See* **Exhibit C**, p. 14-18. The intent not to be part of a "United Defense" was punctuated even more forcefully to his then counsel in an email dated September 29, 2017, when Bates states: "We have had Discovery from the FBI and US Attorney's office for 4 months and you haven't even called me about one thing! Your only suggestion was to team up with Piece if (sic) Shit 'Gary Cain' and his lawyer! WHAT is Bullshit is that!!!! He and Uresti are scumbags and the Reason my life has been destroyed!!!" *See* **Exhibit D**.

The importance of these texts and emails is that they demonstrate unequivocally Bates's extremely antagonistic position to that of Co-Defendant's Cain and Uresti. They also demonstrate

---

[1] Counsel has consulted with Mr. Bates and has received permission to submit the cited exhibits that constitute attorney-client communications for the limited purpose of this motion to sever.

the extreme lack of independent trial preparation by the defense counsel, the lack of effective communication and advisement to Bates, in violation of his Sixth Amendment right to effective representation, and his deprivation of his right to put on a meaningful defense. Moreover, they demonstrate that representations by all three counsel at the October 18, 2017, court hearing misrepresented Bates's unequivocal position as to the issue of presenting a "united defense."

## II.

### Bankruptcy Proceedings Expose Antagonistic Defenses of the Parties

On September 12, 2017, Co-Defendant Uresti testified in a Bankruptcy court proceeding involving the business operations of Four Winds (FWLL). During the time that was the subject of the proceedings, 2015, Stan Bates was the CEO of Four Winds. To the question, "In 2015, was FWLL a Ponzi scheme?" Defendant Uresti testified: "I was not aware until recently. From our investigation, it appears that it might have been a Ponzi scheme." *See* **Exhibit E**, p. 54. Uresti continues to testify that he conducted his own investigation after his indictment [in the instant case], "to get to the truth of the matter." *See* **Exhibit E**, p. 54. The clear implication is that Uresti has taken on an adversarial and antagonistic role to Bates. Uresti is positioning himself to blame Bates and use him as a foil to enhance his putative innocent role in the alleged conduct.

Co-Defendant Cain, in separate bankruptcy proceedings, executed a signed affidavit accusing Bates of "stealing money," "not paying investors," and "l[ying] to investors." *See* **Exhibit F.** In his role as CFO of Four Winds during the time covered by the federal indictment, Cain states: "I observed a very suspicious trend of corporate spending for personal use by Stan Bates. I also saw evidence of misuse of investor funds including commingling failure to return funds to investor accounts." *See* **Exhibit F,** p. 1. Cain executed this affidavit November 13, 2015. It should also be noted that Bates fired Cain from his position with Four Winds prior to the

execution of this affidavit. Counsel also notes parenthetically, that Cain had knowledge of Four Winds' finances and profited from his employment with Four Winds during the period of time covered by the federal indictment. Similar to Uresti, Cain has positioned himself to blame Bates for the alleged criminal conduct in the instant Indictment. Cain has an adversarial and continuing antagonistic relationship to Bates.

## III.

### Examples of Antagonistic Defenses Based on Co-Defendant's Marked Exhibits

Based on the exhibits submitted in preparation for trial, Uresti's and Cain's joint theory of defense appears to be that Bates was the person committing fraud. Specifically, Uresti and Cain intend to show the jury that Bates, independently without any involvement on Uresti's or Cain's part, manipulated documents to gain their trust and involvement. In other words, Uresti and Cain are going to show the jury that they were victims of Bates' fraud, just like the investors. This is shown by the following non-comprehensive list of exhibits filed by Uresti and Cain:

(a) Uresti and Cain intend to use various sources in an attempt to identify Bates as a liar and fraudster. The following is a non-comprehensive list of examples:

  i. Uresti intends to vilify Bates with demonstrative exhibits and bank records as a lavish spender who improperly used investor funds. *See* **Exhibit G**. (Uresti Exhibit No. 344, 132–34, 142; Cain Exhibit No. 11, 29).

  ii. To paint Bates as the sole wrongdoer, Uresti intends to show the jury a timeline of Bates' alleged misconduct involving matters unrelated to the instant offense. *See* **Exhibit H** (Uresti Exhibit No. 368).

  iii. To contrast Bates' vilification, Uresti has included a self-aggrandizing exhibit showing his accomplishments, charity work, and his senatorial financial

disclosure. *See* **Exhibit I.** (Uresti Exhibit No. 342, 345, 203). Similarly, Uresti includes an FBI report documenting his suspicions about another individual and his client, which appear to be references to Cantu and Bates. *See* **Exhibit J**. (Uresti Exhibit No. 124—FBI 302 Report).

    iv. Uresti submitted an FBI report documenting Bates' alleged misrepresentations regarding his military career. *See* **Exhibit K**. (Uresti Exhibit No. 61)

    v. Cain submitted e-mails between him and Bates' employee, Laura Jacobs, detailing his work policies to show the jury that he was attempting to conduct legitimate business, and in contrast, Bates was engaging in unprofessional and fraudulent conduct. *See* **Exhibit L.** (Cain's Exhibit 35).

(b) Uresti has submitted as an exhibit a series of text messages between him and Cain that directly blame Bates for all of the charges in this case. Uresti and Cain describe Bates as a liar and discuss Bates' inability to defend himself. *See* **Exhibit M.** (Uresti Exhibit No. 184, ref. August 21, 2016 text).

(c) Using various documents and witnesses, Uresti plans to paint Bates as the sole person committing fraud. The following is a non-comprehensive list of examples:

    i. Uresti submitted as exhibits several actual and modified Chase Bank Account summaries to show Bates solely altered the documents. The exhibits containing modified account summaries include screen shots of the last modified date. *See* **Exhibit N.** (Uresti Exhibits 43, 51–56, 136).

    ii. Uresti has listed Eric Nelson, Bates' former employee, as a witness. He has also provided Nelson's grand jury summons and a report of investigation attempting to contact Chase Bank as an exhibit. It appears that Uresti will use Nelson to

      show the jury that Bates committed fraud and to malign his character. *See* **Exhibit O.** (Uresti Exhibit 62 & 63).

iii. Uresti intends to use FBI Agent Monroe Giese's grand jury testimony to shift all fraudulent conduct onto Bates by discussing the fraudulent proof-of-funds letter and Eric Nelson's (Bates' employee) fraudulent actions. *See* **Exhibit P.** (Uresti Exhibit No. 26).

iv. Uresti has submitted a letter from an investor's attorney to show that Bates was the only person in contact with the victim-investors regarding the fraudulent fracking scheme. *See* **Exhibit Q**. (Uresti Exhibit No. 196, Cain Exhibit No. 31).

v. Uresti includes Denise Cantu's petition seeking damages against Four Winds and Bates claiming breach of contract, deceptive trade practices act, and fraud. *See* **Exhibit R**, (Uresti Exhibit No. 197).

vi. Uresti submitted emails between him and Cain documenting Bates' failure to provide Denise Cantu with documents and payments. *See* **Exhibit S**. (Uresti Exhibits No. 205 & 206). According to Uresti, Bates was the reason Denise Cantu wanted to fire him as counsel.

vii. Through an extensive number of text messages between Bates and various parties, Uresti intends to show Bates had an adversarial relationship to Cain. *See* **Exhibit T** (Uresti Exhibit No. 123, pages 260, 286 & 326).

### IV.

Uresti and Cain's joint defense depends on shifting the focus and blame entirely upon Bates. Both the Government and Bates' co-defendants plan on introducing evidence of Bates' guilt. As a consequence of this type of positioning, Bates must now defend himself against both

the Government and his codefendants' allegations. Tellingly, it is not the Government that opposes this motion; it is the codefendants. In addition, Defendant Bates would be forced to take the stand in order to respond to the Government's allegations and the codefendant's attacks in hopes of presenting any type of a defense. This violates Bates' due process rights to a fair trial and to not testify.

Furthermore, the codefendants have made statements implicating Bates. *See* Exhibit K. (Uresti's Exhibit 61, documenting variances in Bates' stated military record and review of his DD 214) and Exhibit M, (Uresti's Exhibit 184, August 21, 2016 text messages between Uresti and Cain implicating Bates). Specifically, Uresti made a statement to the FBI seemingly identifying Bates as a person committing fraud. *See* Exhibit J (Uresti's Exhibit 124). This violates Mr. Bates' Sixth Amendment right to confront witnesses. Any reference to this statement by the Government or by the codefendants, indirect or direct, during direct, cross-examination, or argument, violates his constitutional rights. *See Bruton v. United States*, 391 U.S. 123 (1968).

**V.**

The October 18, 2017, hearing reveals the all too likely probability that counsel for Uresti and Cain presented the inaccurate "United Front" theory in order to keep Bates in the same trial. This would further their interest of creating a foil and fall person to present their defense. It is unseemly that Co-Defendants Uresti and Cain should be able to profit from and manufacture a defense at the expense of Bates' Constitutional rights. All three counsel at the October 18th hearing stated that a "United Front" theory of defense existed. It did not.[2]

For the reasons stated above, Bates asks this Court to sever his trial from his co-defendants' trial. To do otherwise would jeopardize Bates' constitutional rights.

---

[2] It is likely that then Counsel for Bates furthered the false "United Front" theory because of his lack of preparation and failure to consult with his client.

Respectfully submitted.

MAUREEN SCOTT FRANCO
Federal Public Defender

_____
/s/ KURT G. MAY
Assistant Federal Public Defender
Western District of Texas
727 East César E. Chávez Blvd., B–207
San Antonio, Texas 78206–1205
(210) 472-6700
(210) 472-4454 (Fax)
State Bar Number: 00789874

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th of December, 2017, I electronically filed the foregoing Bates' Motion to Reconsider Motion to Sever with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Joseph E. Blackwell
Assistant United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216

Darrell L. Barger
Hartline Dacus Barger Dreyer LLP
1980 Post Oak Blvd., Suite 1800
Houston, TX 77056

Michael W. McCrum
McCrum Law Office
404 E. Ramsey Rd, Suite 102
San Antonio, TX 78216

Tab Turner
Turner & Associates, P.A.
4705 Somers Ave.
Suite 100
North Little Rock, AR 72116

Charles J. Muller, III
Chamberlain Hrdlicka White Williams & Martin, PC
112 E. Pecan Street
Suite 1450
San Antonio, TX 78205

    /s/ KURT G. MAY
*Attorney for Defendant*

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| V. | § § | CAUSE NO. SA-17-CR-381 DAE |
| STANLEY P. BATES | § § | |

**ORDER**

Having considered Stanley P. Bates' Motion to Reconsider Motion to Sever, the Court finds that the motion should be GRANTED for the stated reasons. Accordingly, it is ORDERED that Stanley P. Bates is severed from his codefendants, Carlos I. Uresti and Gary L. Cain, for trial purposes.

Signed this _____ day of _____, 201\_\_\_\_.

_____
DAVID A. EZRA
Senior United States District Judge